1
2
3
4
5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

6
7

| UNITED STATES OF AMERICA, | NO:  CR-11-2069-RMP |
|---|---|
| Plaintiff, | |
| v. | ORDER DISMISSING WITH PREJUDICE |
| JAIME CASTANEDA-BARAJAS, | |
| Defendant. | |

8
9
10
11
12
13
14
15
16
17

BEFORE the Court are the Defendant's Motion to Dismiss the Indictment,

ECF No. 31, and the Defendant's motion to seal, ECF No. 42, an exhibit attached

to a declaration filed at ECF No. 43.  The Court held a hearing on the motions in

18
19
20

Yakima, Washington, on August 9, 2011.  Defendant Jaime Castaneda-Barajas,

who is in custody, was present and represented by Assistant Federal Defender

21
22

Alison Guernsey and assisted by Court-appointed interpreter Steve Musik.

23
24

Assistant United States Attorney Alison Gregoire appeared on behalf of the

25

Government.  The Court has reviewed the motions, the parties' submissions related

26
27

to the motions, and the remaining file and is fully informed in the matter.

28

ORDER DISMISSING WITH PREJUDICE ~ 1

BACKGROUND FACTS

Mr. Castaneda-Barajas is a Mexican citizen who has lived in the United States for much of his life since he was two-years-old and has been deported[1] from the United States four times based on two removal orders.

*1996 Removal Order*

Mr. Castaneda-Barajas received an order to show cause ("OSC") in March 1996 alleging that he was deportable because he entered the United States without inspection in 1995. Mr. Castaneda-Barajas appeared in response to the OSC at a 15-person group hearing on March 21, 1996.

The Immigration Judge ("IJ") confirmed with the respondents that they had received a copy of their OSCs and accompanying legal aid and appeal forms. Continuing to address the respondents as a group, the IJ advised them of various rights, including the right to counsel. Mr. Castaneda-Barajas, along with all but one of the other respondents, elected to proceed without counsel. The IJ placed the group of respondents under oath, marked the OSCs as exhibits, completed the advisement of rights, and then proceeded to inquire of each respondent whether the

---

[1] The Court uses the terms "removal" and "removed" interchangeably with the terms "deported" and "deportation" in this Order. *See Lolong v. Gonzales*, 484 F.3d 969, 979 (9th Cir. 2007) (en banc).

ORDER DISMISSING WITH PREJUDICE ~ 2

allegations of the OSCs were true and whether he understood that he was subject to removal based on the allegations in the OSC.  In interacting individually with the fifth respondent, the respondent admitted that he had entered the United States without inspection.  The IJ then asked that respondent whether he had "over $110," and the respondent stated, "Yes."  ECF No. 35.  The IJ explained to the fifth respondent, who had also been found in possession of false documents, the qualifications for voluntary departure and granted voluntary departure to him, over the objection of the government.  The IJ gave the fifth respondent three days to secure the money for his departure.

When the IJ reached Mr. Castaneda-Barajas on the docket, Mr. Castaneda-Barajas admitted the allegations on the OSC.  The IJ found Mr. Castaneda-Barajas removable for having entered without inspection.  Through an interpreter, the IJ then asked Mr. Castaneda-Barajas, "Do you have over $110?"  Mr. Castaneda-Barajas responded, "No."  ECF No. 35.  The IJ immediately advanced to the next individual on the docket.  At the end of the group docket, Mr. Castaneda-Barajas, waived his right to appeal, and the IJ ordered Mr. Castaneda-Barajas removed to Mexico.  ECF No. 34-1 at 9.  Mr. Castaneda-Barajas was deported on March 28, 1996.

At a later date, Mr. Castaneda-Barajas was again found in the United States.  The Department of Homeland Security ("DHS") reinstated the 1996 removal order

ORDER DISMISSING WITH PREJUDICE ~ 3

pursuant to 8 U.S.C. § 1231(a)(5), and deported Mr. Castaneda-Barajas on January 3, 2006.

*2009 Removal Order*

Mr. Castaneda-Barajas again returned to the United States, and, on May 24, 2007, received temporary legal status to be present in the United States as a Significant Public Benefit Parolee.  Mr. Castaneda-Barajas overstayed the visa period, however, which expired on November 1, 2007.  The DHS issued a notice to appear ("NTA") on August 18, 2009, alleging Mr. Castaneda-Barajas was a Mexican citizen without legal status in the United States.  ECF No. 34-1 at 11.

Mr. Castaneda-Barajas appeared before an IJ to respond to the NTA on September 15, 2009.  That hearing was also a group hearing, with nine respondents on the docket, and began as the 1996 hearing began, with a review of rights.  The IJ then addressed each respondent individually.  When the IJ reached Mr. Castaneda-Barajas, she confirmed that he wished to proceed *pro se* rather than have additional time to retain or otherwise secure counsel.  The IJ then reviewed the allegations of the NTA; Mr. Castaneda-Barajas admitted the allegations.  Upon those admissions and upon the contents of a report in an evidentiary packet, a report and packet that were not provided to this Court or, apparently, to Defendant in discovery on the present matter, the IJ found Mr. Castaneda-Barajas removable as charged.

ORDER DISMISSING WITH PREJUDICE ~ 4

The government attorney then asked Mr. Castaneda-Barajas whether he had

a "conviction for involvement with controlled substances," and Mr. Castaneda-

Barajas answered affirmatively.  ECF No. 36.  The IJ then stated to Mr. Castaneda-

Barajas, "Based upon a review of the facts in your case, I do not find that you are

eligible for any forms of relief from removal.  I hereby order your removal to

Mexico."  ECF No. 36.

Mr. Castaneda-Barajas was deported on September 19, 2009.  A short time

later, Mr. Castaneda-Barajas returned to the United States, was apprehended, and

was deported on a reinstated removal order on January 29, 2010.

On May 10, 2011, the Government indicted Mr. Castaneda-Barajas for

violating 8 U.S.C. § 1326 by reentering the United States after the four

deportations described above.  ECF No. 1.

ANALYSIS

**MOTION TO SEAL**

As a preliminary matter, the Court memorializes its oral ruling that

Defendant's motion to seal, **ECF No. 42**, is **GRANTED**, finding that public access

to the exhibit implicates safety and security concerns for Defendant and his family

and friends.  The Court also closed the courtroom to the public during the hearing

on Defendant's motion to dismiss at Defendant's request and upon a finding that

the Defendant's privacy interests outweighed countervailing interests of the public

ORDER DISMISSING WITH PREJUDICE ~ 5

and Defendant in an open hearing.  *See Gannett Co. v. DePasquale*, 443 U.S. 368,

380 (1979) (the public-trial guarantee under the Sixth Amendment is a right held

by, and waivable by, a criminal defendant); *In re McClatchy Newspapers, Inc.*, 288

F.3d 369, 374 (9th Cir. 2002) (collecting cases that demonstrate that "the need to

protect individual privacy rights may, in some circumstances, rise to the level of a

substantial governmental interest and defeat First Amendment right of access

claims"); *Waller v. Georgia*, 467 U.S. 39 (1984) ("[T]he party seeking to close the

hearing must advance an overriding interest that is likely to be prejudiced, the

closure must be no broader than necessary to protect that interest, the trial court

must consider reasonable alternatives to closing the proceeding, and it must make

findings adequate to support the closure").  No one present in the courtroom at the

outset of the hearing was excluded from the courtroom once the hearing was

closed.

**MOTION TO DISMISS INDICTMENT**

Defendant asserts that the indictment against him must be dismissed due to

deficiencies in his underlying 1996 and/or 2009 removal proceedings.  "Because

the underlying removal order serves as a predicate element of [a § 1326 illegal

reentry offense], a defendant charged with that offense may collaterally attack the

removal order under the due process clause."  *United States v. Pallares-Galan*, 359

F.3d 1088, 1095 (9th Cir. 2004).

ORDER DISMISSING WITH PREJUDICE ~ 6

*Collateral Attacks on Deportation Orders*

"[A]n alien cannot collaterally attack an underlying deportation order if he validly waived the right to appeal that order." *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000).  A valid waiver of the right to appeal "must be both 'considered and intelligent.'" *Arrieta*, 224 F.3d at 1079 (quoting *United States v. Estrada-Torres*, 179 F.3d 776, 780-81 (9th Cir.1999)); *see also United States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010).  The Government bears the burden of proving valid waiver in a collateral attack of the underlying removal proceedings. *Ramos*, 623 F.3d at 680.  The court must "indulge every reasonable presumption against waiver," and do "not presume acquiescence in the loss of fundamental rights." *Ramos*, 623 F.3d at 680 (internal quotation marks omitted).  Moreover, "the due process inquiry focuses on whether [the defendant] personally made a 'considered and intelligent' waiver of his appeal." *United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1049 n. 8* (9th Cir.2004) (emphasis in original).  A waiver is not "considered and intelligent" when "'the record contains an inference that the petitioner is eligible for relief from deportation,' but the Immigration Judge fails to 'advise the alien of this possibility and give him the opportunity to develop the issue.'" *United States v. Muro-Inclan*, 249 F.3d 1180, 1184 (9th Cir. 2001) (*quoting United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000)).

ORDER DISMISSING WITH PREJUDICE ~ 7

To succeed on a collateral attack, a defendant must establish that: (1) he exhausted available administrative remedies; (2) the deportation proceedings deprived him of the opportunity for judicial review; and (3) the deportation order was "fundamentally unfair." 8 U.S.C. § 1326(d).  A defendant need not fulfill the exhaustion requirement when an IJ fails to "inform him that he [is] eligible for relief from deportation."  *United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1049 (9th Cir.2004).  Additionally, an IJ's failure to inform a defendant of possible relief deprives him of the opportunity for judicial review. *See United States v. Ortiz– Lopez*, 385 F.3d 1202, 1204 n. 2 (9th Cir.2004).

The entry of a removal order was "fundamentally unfair" if (1) his due process rights were violated by defects in the underlying deportation proceedings, and (2) he was prejudiced by those defects. *Ubaldo–Figueroa*, 364 F.3d at 1048 (citations omitted); *Muro-Inclan*, 249 F.3d at 1184 ("When a petitioner moves to dismiss an indictment under 8 U.S.C. § 1326 based on a due process violation in the underlying deportation proceeding, he must show prejudice resulting from the due process violation").  "To establish prejudice, petitioner 'does not have to show that he actually would have been granted relief.  Instead he must only show that he had a 'plausible' ground for relief from deportation." *Muro-Inclan*, 249 F.3d at 1184 (*quoting Arrieta*, 224 F.3d at 1079).

ORDER DISMISSING WITH PREJUDICE ~ 8

Considering this body of applicable law as a whole, the Defendant must show that: (1) the IJs who issued the 1996 and 2009 removal orders underlying the present charge did not inform Defendant of his apparent eligibility for relief from removal and give him an opportunity to develop the issue; and (2) his 1996 and 2009 removal orders violated due process and resulted in prejudice, rendering them "fundamentally unfair." *See Ubaldo–Figueroa*, 364 F.3d at 1048.

*Plausibility of Ground for Relief—Eligibility for Voluntary Departure*

"Voluntary departure is a form of relief that allows those who have received a notice to appear in removal proceedings to leave the United States on their own, rather than through a removal order." KEVIN R. JOHNSON ET AL., UNDERSTANDING IMMIGRATION LAW 330 (2009). In light of the fact that the two removal orders that Mr. Castaneda-Barajas collaterally attacks were issued before and after major changes in the immigration laws, including changes to the laws defining eligibility for voluntary departure, the Court analyzes the validity of the removal orders separately.

**1996 Removal Order**

Before September 20, 1996, the voluntary departure statute provided:

> The Attorney General may, in his discretion, permit any alien under deportation proceedings . . . to depart voluntarily from the United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure . . .

ORDER DISMISSING WITH PREJUDICE ~ 9

8 U.S.C. § 1254(e) (1996).

An IJ determining whether to exercise discretion to grant or deny a request for voluntary departure under the above statute was required to "weigh both favorable and unfavorable factors." *Campos-Granillo v. I.N.S.*, 12 F.3d 849, 852 (9th Cir. 1993) (quoting *De la Luz v. I.N.S.*, 713 F.3d 545, 545 (9th Cir. 1983)).

The IJ, in asking Mr. Castaneda-Barajas whether he had "over $110" indicated that he recognized Mr. Castaneda-Barajas' apparent eligibility for relief; however, the IJ did not convey to Mr. Castaneda-Barajas that apparent eligibility, did not weigh any favorable or unfavorable factors, and did not give him an opportunity to develop the record for voluntary departure. The IJ's failure to do so violated Defendant's due process rights. *See Ubaldo-Figueroa*, 364 F.3d at 1050.

**2009 Removal Order**

As the law stands since September 20, 1996, if an alien applies for voluntary departure before the conclusion of removal proceedings, 8 U.S.C. §1229c(a) (§240B(a) of the Immigration and Nationality Act) governs his eligibility for the discretionary relief of voluntary departure. *See also In re Arguelles-Campos*, 22 I. & N. Dec. 811, 815-16 (B.I.A. 1999). Section 1229c(a) requires that the alien have the means to depart the United States at his own expense and prohibits extension of the relief to an alien removable based on an aggravated felony or participation in terrorist activities. 8 U.S.C. §1229c(a)(1); 8 U.S.C. §§1227(a)(2)(A)(iii),

ORDER DISMISSING WITH PREJUDICE ~ 10

(a)(4)(B).  To apply for voluntary departure "before the conclusion of the proceedings," a respondent "must make the request prior to or at the master calendar hearing at which the case is initially calendared for a merits hearing." *Arguelles-Campos*, 22 I. & N. Dec. at 814-15.

If an alien applies for voluntary departure at the conclusion of removal proceedings, he must meet the requirements and conditions of 8 U.S.C. §1229c(b) (§240B(b) of the Immigration and Nationality Act) to secure voluntary departure. First, the alien must have been physically present in the United States for at least 1 year immediately preceding the date the Notice to Appear was served. 8 U.S.C. §1229c(b)(1)(A) of the Act; 8 C.F.R. § 240.26(c)(1)(i).  Second, the alien must show that he is, and has been, a person of good moral character for at least 5 years immediately preceding the application for voluntary departure. 8 U.S.C. §1229c(b)(1)(B); 8 C.F.R. § 240.26(c)(1)(ii).  Additionally, the alien may not have been convicted of an aggravated felony or be removable on national security grounds. 8 U.S.C. §1229c(b)(1)(C); 8 C.F.R. § 240.26(c)(1)(iii). The alien must also show by clear and convincing evidence that he has the means to depart the United States and intends to do so. 8 U.S.C. §1229c(b); 8 C.F.R. § 240.26(c)(1)(iv).

"The requirement that the IJ inform an alien of his or her ability to apply for relief from removal is 'mandatory,' and '[f]ailure to so inform the alien ... is a

ORDER DISMISSING WITH PREJUDICE ~ 11

denial of due process that invalidates the underlying deportation proceeding.'"

*United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1050 (9th Cir.2004) (citation omitted) (bracketed alteration in original); *see also* 8 C.F.R. § 1240.11 (an immigration judge must inform an alien of apparent eligibility for relief from deportation).

The IJ's failure to inform Mr. Castaneda-Barajas of his apparent eligibility for pre-conclusion voluntary departure violated due process. *See United States v. Frias-Flores*, No. 09-50658, 2011 WL 1229770, at *1-2 (9th Cir. Apr. 4, 2011) (IJ's failure to weigh or hear evidence on pre-conclusion voluntary departure claim rendered the removal order constitutionally defective); *Zamudio-Pena v. Holder*, No. 07-73337, 2009 WL 1396824, at *2 (9th Cir. May 20, 2009) (holding that an IJ must sufficiently explain both pre-hearing and post-hearing voluntary departure to those respondents who may be eligible for either); *see also United States v. Basulto-Pulido*, No. 05-50972, 219 Fed. Appx. 717, 718-719 (9th Cir. Jan. 25, 2007) (holding that alien's procedural due process rights were violated when IJ failed to explain to him what pre-conclusion voluntary departure was or to inform him of his apparent eligibility for it at his last master calendar hearing); *United States v. Martinez-Zavala*, No. 09-cr-1774, 2009 WL 2485751 (unpublished) (S.D.Cal.2009) (holding that failure to timely advise defendant of apparent eligibility for pre-conclusion voluntary departure, and of the differences between

ORDER DISMISSING WITH PREJUDICE ~ 12

pre-and post-conclusion voluntary departure, violated his right to procedural due process).

The Court notes, but rejects, the Government's argument that Mr. Castaneda-Barajas was ineligible for voluntary departure at his 2009 hearing because his parolee status had expired and his status had reverted to never having been admitted.  Aliens "arriving" in the United States are ineligible for voluntary departure.  8 U.S.C. § 1229c(a) (INA § 240B(a)).  However, an "arriving alien" is "an applicant for admission coming or attempting to come into the United States at a port-of-entry . . . ."  8 C.F.R. §1001.1(g); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1116 (9th Cir. 2007) (finding that the defendant was not an "arriving alien" "because he was apprehended inside the United States after crossing the border illegally").  When parole status expires, the alien's status is "restored to the status that he or she had at the time of parole."  8 C.F.R. §212.5(e)(2)(i).  Since Defendant was already in the United States at the time his Public Benefit parole petition was submitted and then granted, *see* ECF No. 43, he was not an "arriving alien" for purposes of determining voluntary departure eligibility at the 2009 hearing.

The Government further argued at oral argument that in admitting the allegations in the NTA during the 2009 removal hearing, Defendant admitted that he was an arriving alien.  *See* ECF No. 34-1 at 11.  However, the NTA articulated

ORDER DISMISSING WITH PREJUDICE ~ 13

three options for Defendant's status at the time of the NTA and the removal

hearing: (1) "You are an arriving alien"; (2) "You are an alien present in the United

States who has not been admitted or paroled."; or (3) "You have been admitted to

the United States, but are removable for the reasons stated below."  ECF No. 34-1

at 11.  None of those statuses accurately states Defendant's status at that time,

which was that he was an alien who was factually physically present in the United

States without having been admitted, whose parole status had expired.  The Court

finds that Defendant was faced with false choices and that his admission to the

allegations of the Notice to Appear does not estop Defendant from now asserting

that he was not an arriving alien.  Nor does Defendant's prior admission estop this

Court from determining as a matter of law that Defendant was not an arriving alien

for purposes of voluntary departure eligibility.

## CONCLUSION

In light of the Court's finding that Defendant was not adequately advised by

the IJs of his ability to apply for voluntary departure nor given the opportunity to

develop the issue, his waivers of his appeal right were not "considered and

intelligent," and he is exempt from the exhaustion requirement of 8 U.S.C. §

1326(d).  *Muro-Inclan*, 249 F.3d at 1184.  The Court further finds that Defendant

established prejudice by showing that he had a "plausible" ground for relief at both

removal hearings.  In 1996, although Defendant did not have more than $110 with

ORDER DISMISSING WITH PREJUDICE ~ 14

him in the detention center, he asserts that he could have gathered the requisite amount within three days from family in the United States.  ECF No. 34-1 at 16-17.  Favorable factors in Defendant's favor such as a long continuous residence in the United States and no criminal convictions except driving without a license made Defendant a good candidate for the relief of voluntary departure at that time. In 2009, Defendant appeared to be eligible for pre-conclusion voluntary departure because he was not removable removable based on an aggravated felony or participation in terrorist activities, 8 U.S.C. §1229c(a)(1); 8 U.S.C. §§1227(a)(2)(A)(iii), (a)(4)(B), and, again, could have secured the funds to depart through his network of family in Washington state.

Accordingly,

**IT IS HEREBY ORDERED:**

1.  Defendant's Motion to Seal, **ECF No. 42**, is **GRANTED**.  The District Court Executive is directed to seal Exhibit G, ECF No. 43-1.

2.  Defendant's Motion to Dismiss the Indictment, **ECF No. 31**, is **GRANTED**.

3.  The Indictment, filed May 10, 2011, **ECF No. 1**, is **DISMISSED WITH PREJUDICE.**

4.  All other pending motions are **DENIED AS MOOT.**

5.  All future court dates are hereby **STRICKEN**.

ORDER DISMISSING WITH PREJUDICE ~ 15

1    6.  Defendant shall be **RELEASED FROM U.S. MARSHAL CUSTODY**

2    immediately.

3
     The District Court Executive is directed to enter this order and provide
4

5    copies to counsel and probation and CLOSE this file.

6
     **DATED** this 16th day of August, 2011.
7

8

9

10                                        *s/ Rosanna Malouf Peterson*
                                     ROSANNA MALOUF PETERSON
11                                   Chief United States District Court Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DISMISSING WITH PREJUDICE ~ 16